UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

UNITED STATES OF AMERICA,

                Plaintiff

v.

SCOTT A. LANTZY,

                Defendant.
_____/

Case No. 19-CR-20167
Hon. Thomas L. Ludington

**ORDER DENYING MOTION TO SUPPRESS**

On March 27, 2019, the Government issued a single count indictment against Defendant Scott A. Lantzy, ECF No. 1, followed by a superseding indictment alleging four counts of sexual exploitation of minors. ECF No. 11. On December 26, 2019, Defendant filed a motion to suppress evidence seized pursuant to a search warrant executed at his home. The motion will be denied.

**I.**

On September 21, 2018, Defendant was present at a high school football game in Gladwin, Michigan. He was wearing a Detroit EMT badge despite the fact that he was not a licensed paramedic. During the game, a student athlete was injured. Defendant approached the student on the field and began rendering medical assistance. The athlete was taken to the hospital in an ambulance. Defendant also went to the hospital, where he continued to provide medical assistance until it was discovered that Defendant was not a paramedic. Defendant was asked to leave the hospital. The next day, he called the athlete's hospital room to see how the athlete was feeling. The athlete quickly ended the phone call by stating that he had to go.

After learning that Defendant was a registered sex offender, the high school football coach contacted Detective Angela Ackley of the Roscommon County Sheriff's Department to report the

incident. Ackley spoke with the high school's athletic director, who identified another student who may be familiar with Defendant.

Ackley contacted the student, who informed her that he had met Defendant two years prior when Defendant was acting as an umpire at a softball game. The student represented that Defendant had given him gifts. On one occasion, the student stayed at Defendant's house for a few days while Defendant was gone. The day after Defendant returned, Defendant and the student went to the grocery store. While Defendant was in the grocery store, the student looked at Defendant's phone. He opened a folder entitled "Fun" which contained photographs of young naked boys and a man showing his penis. The student also saw pictures of himself and his friends that he had not given to Defendant.

Upon learning this from the student, Ackley submitted a search warrant and affidavit to Magistrate Danielle Janisee. Ackley's affidavit provided the above facts as well as other relevant details regarding the situation. Additionally, she explained that Defendant was a convicted sex offender with "multiple convictions on his criminal history ranging from Criminal Sexual Conduct 2nd thru [*sic*] 4th degrees with the victims [*sic*] ages ranging from 11 to 17 years old." ECF No. 40-1 at PageID.114. She further noted that Defendant's psychotherapist, Doug Geering, considered Scott to be a "high risk offender." *Id.* She represented that "[t]here is probable cause to believe that Scott Lantzy is in possession of child sexually abusive material in violation of MCL Section 750.145c 'Child Sexually Abusive Activity or Material.'" *Id.* at PageID.115.

Magistrate Janisee approved the search warrant on the evening of September 24, 2018. That same day police officers executed the search warrant, seizing eighteen electronic devices, including cell phones, computers, USB drives, and a tablet. No images of child pornography were

found on the five cell phones seized by the police. However, images of alleged child pornography were found on the other devices.

**II.**

In Defendant's motion to suppress, he claims that Detective Ackley lacked the necessary information or evidence to obtain the warrant. He further challenges the legitimacy of the search warrant, contending that Magistrate Janisee did not sign the warrant. ECF No. 40 at PageID.107. Each argument will be addressed in turn.

**A.**

**1.**

In its response brief, the Government contends that Defendant lacks standing to challenge the search warrant. It quotes *United States v. Payner* in which the Supreme Court reiterated the rule that

> [A] court may not exclude evidence under the Fourth Amendment unless it finds that an unlawful search or seizure violated the defendant's own constitutional rights. And the defendant's Fourth Amendment rights are violated only when the challenged conduct invaded his legitimate expectation of privacy rather than that of a third party.

*United States v. Payner*, 447 U.S. 727, 731 (1980). It also quotes *Rawlings v. Kentucky* in which the Supreme Court held that the moving party "bears the burden of proving not only that the search…was illegal, but also that he had a legitimate expectation of privacy…" *Rawlings v. Kentucky*, 448 U.S. 98, 104 (1980).

A hearing was held over two days at which both Defendant and Magistrate Janisee testified. At the first day of hearing, the Government questioned Defendant about his possessory interest in the items, devices, and device contents seized from his residence.

> Q. Sir, the search warrant affidavit return, excuse me, indicates that a black sweatshirt with an EMS logo was found during the search?

A. Yes.

Q. Was that yours?

A. Yes, it was.

Q. There were two pairs of emergency responder scissors found during the search?

A. Yes, there were.

Q. Were those yours?

A. Yes.

Q. All right. How about the Nikon camera, was that yours?

A. Yes.

Q. There was also a tablet?

A. Yes.

Q. And you had access to the contents of that?

A. Yes.

\*\*\*

Q. All right. Do you assert an interest in all of the contents of the tablet?

A. Yes.

Q. There were two thumb drives that were seized.

A. Yes.

\*\*\*

Q. All right. And do you assert a possessory interest in the contents, all of the contents, of both of the thumb drives?

A. Yes, I guess.

Q. How about the tower, the Dell tower, do you recall that?

A. Yes. The tower was one of the things that was starting to be used for the new business that I was starting.

Q. You used the passive voice; starting to be used, by whom?

A. By me.

Q. So that was your property?

A. Yes.

Q. And do you assert an interest in all of the contents of that item? Let me ask you this way: Were there any digital devices found in the residence that were not yours?

A. No.

ECF No. 46 at PageID.163-66.

Defendant's above testimony establishes that he had a legitimate expectation of privacy as the owner of the devices and items that were seized during the search. Accordingly, Defendant has standing to challenge the search warrant.

**2.**

Next it must be determined whether Magistrate Janisse had probable cause to issue the warrant. Under the Fourth Amendment, "no warrant shall issue but upon probable cause, supported by oath or affirmation." U.S. Const. amend. IV. "To demonstrate probable cause to justify the issuance of a search warrant, an affidavit must contain facts that indicate 'a fair probability that evidence of a crime will be located on the premises of the proposed search.'" *United States v. Frazier*, 423 F.3d 526, 531 (6th Cir. 2005) (quoting *United States v. Jenkins*, 396 F.3d 751, 760 (6th Cir. 2005)). "Probable cause is defined as reasonable grounds for belief, supported by less than prima facie proof but more than mere suspicion." *United States v. Bennett*, 905 F.2d 931, 934 (6th Cir. 1990).

"When reviewing a magistrate's determination that probable cause existed for the issuance of a search warrant, [a court] must determine, under a totality of the circumstances, whether 'the magistrate had a substantial basis for concluding that a search would uncover evidence of wrongdoing.'" *United States v. Miggins*, 302 F.3d 384, 394 (6th Cir. 2002) (quoting *United States*

*v. King*, 227 F.3d 732, 739 (6th Cir. 2000)). A magistrate judge's probable cause determination is afforded "great deference," and "should not be set aside unless arbitrarily exercised." *United States v. Pelham*, 801 F.2d 875, 877 (6th Cir. 1986) (citations and quotation marks omitted). A court's review of the sufficiency of the evidence supporting probable cause is "limited to examining the information contained within the four corners of the affidavit." *United States v. Dyer*, 580 F.3d 386, 390 (6th Cir. 2009).

Probable cause existed for Magistrate Janisse to issue the search warrant. Detective Ackley detailed in her affidavit behavior by Defendant indicating that it was fairly probable that Defendant was in possession of child pornography. Specifically, the student's claims that he had discovered on Defendant's cell phone photographs of nude boys and pictures of the student and his friend supported such a conclusion. Under the totality of the circumstances, probable cause existed that merited issuance of the warrant.

**B.**

Defendant contends that the warrant was invalid because according to him, Magistrate Janisse did not sign it. His motion provides:

> In support of his claim, comparison signature samples are attached to this motion. One appears a non-redacted copy of the signature page from the warrant. The other two are carbon copy reproductions from scheduling orders in two unrelated cases. The obvious significant differences in the signature give rise to a question of the warrant's validity.

ECF No. 40 at PageID.107.

Magistrate Janisse testified at the second day of the hearing. She explained that she uses the app SignNow to sign warrants. She had previously entered her signature into SignNow using her finger on the screen. The signature can only be accessed by entering her SignNow login and password, which is only known by her.

Magistrate Janisse testified that she was at home the evening of September 24, 2018 when she received a phone call from Detective Ackley requesting a search warrant. Magistrate Janisse provided an oath over the phone. Detective Ackley then emailed her the search warrant in a PDF format. Magistrate Janisse reviewed the search warrant on either her iPhone or her iPad using SignNow. She then entered her stored signature onto the warrant as well as the date and time. Following this, she emailed the warrant back to Detective Ackley.

Government counsel presented a SignNow audit of the September 24, 2018 search warrant. It was noted that the audit provided that the warrant was accessed and signed the evening of September 24, 2018.

Defense counsel asked Magistrate Janisse about a search warrant and affidavit she signed the next day, September 25, 2018, that appeared to differ from her September 24 signature. Magistrate Janisse explained that her signature differed between the two days because she signed a paper copy of the September 25 warrant and affidavit, unlike the electronic signature she had used on the September 24, 2018 warrant. Defense counsel also requested the opportunity to present a handwriting expert prior to the Court's resolution of the motion. The Court denied the request due to lack of "sufficient predicate to justify that given the strength of the testimony that we've received today." ECF No. 47 at PageID.187.

Defendant's motion will be denied. His allegations that Magistrate Janisse did not sign the warrant are baseless, especially in consideration of her testimony. Defendant has offered no evidence to call Magistrate Janisse's actions into question or to support his assertions that the signature on the warrant does not belong to Magistrate Janisse.

**III.**

Accordingly, it is **ORDERED** that Defendant's motion to suppress, ECF No. 40, is **DENIED**.

Dated: March 24, 2020						s/Thomas L. Ludington
								THOMAS L. LUDINGTON
								United States District Judge