UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,

v.

        Case No. 1:19-cr-20167
        Honorable Thomas L. Ludington
        Magistrate Judge Patricia T. Morris

SCOTT A. LANTZY,

        Defendant.
_____/

**ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION IN LIMINE AND EXCLUDING EVIDENCE OF DEFENDANT'S PRIOR CONVICTIONS AND OTHER BAD ACTS**

This matter is before the Court pursuant to Defendant Scott A. Lantzy's Motion in Limine, ECF No. 62. Defendant is charged with knowingly possessing and receiving child pornography in violation of 18 U.S.C. §§ 2252A(a)(5)(B) and (a)(2)(A). ECF No. 73. In his Motion, Defendant asks this Court to exclude evidence of his prior convictions and other bad acts from being introduced at trial. For the reasons explained below, Defendant's Motion in Limine will be granted in part and denied in part. Plaintiff, the United States of America (the "Government"), may not introduce evidence of (1) Defendant's prior convictions, unless such evidence becomes admissible under FRE 404(b) by reason of argument or evidence presented at trial, as determined by further order of this Court; or (2) Defendant's alleged uncharged violations of Michigan's Sex Offender Registration Act ("SORA"), Mich. Comp. Laws § 28.723, *et seq.*, except for the testimony of the 15-year-old witness who claims to have observed child pornography on Defendant's cell phone.

# I.

## A.

In his Motion in Limine, discussed *infra*, Defendant provides the following factual background:

> On September 23, 2018, Houghton Lake H.S. football coach Brandon Scott contacts Detective Angela Ackley of the Roscommon County Sheriff's Department to report the incident. He does so because the player's family learns that Mr. Lantzy is a registered sex offender. The next day, Det. Ackley speaks with the player's father, John Lindsey who confirmed the information. Investigating the offense of impersonating emergency personnel, Det. Ackley also speaks with the school's athletic director, Joseph Holloway. Mr. Holloway has a limited recollection of meeting Mr. Lantzy at the start of the season when he offers to help scout other teams. He identifies another student who he believes may be more familiar with Mr. Lantzy.
>
> Det. [Ackley] also speaks with that student on September 24, 2018. He explains meeting[] Lantzy through softball a couple years earlier. He has limited contact with Mr. Lantzy until the previous three months. He adds that Mr. Lantzy gives him some gifts and seems like a nice guy. He then tells a story about house sitting for Mr. Lantzy in August of 2018. Mr. Lantzy leaves on a Thursday and returns home late on Sunday evening. The following morning he accompanies Mr. Lantzy to the store. He claims to stay in the car, accessing Mr. Lantzy's phone. He claims to see photos of himself, as well naked photos of children aged eight and younger. There is no verification that the young man had access to Mr. Lantzy's phone or any password for it. There is no indication that he shares the information with any other person in previous six weeks time.
>
> Det. Ackley confirms that Mr. Lantzy is a convicted sex offender. She also obtains a 2011 parole violation report that appears to include privileged medical information which Mr. Lantzy denies consenting to its release. She verifies that his EMT license is lapsed. She compiles this information in an affidavit and requests a search warrant for Mr. Lantzy's home on September 24, 2018. It is ostensibly signed by Magistrate Danielle Janisee the same evening. Mr. Lantzy notes there is a significant, apparent discrepancy between the magistrate's actual signature and the electronic rendering on the search warrant.
>
> Mr. Lantzy is home when police execute the warrant. He is described as very cooperative. Police eventually seize 18 different electronic devices from Mr. Lantzy, including cell phones, computers, USBs, and a tablet. Pursuant to a subsequent warrant, the data contents of those devices are forensically analyzed. No suspected child pornography is found on any of the five phones seized by police. There is no indication that forensic analysis uncovers any photographs of the

student interviewed by Det. Ackley. There are images of suspected child pornography found on other devices.[1]

ECF No. 62 at PageID.316–18.

**B.**

Defendant Scott A. Lantzy was initially indicted on March 27, 2019 with one count of knowingly possessing child pornography, in violation of 18 U.S.C. §§ 2252A(a)(5)(B) and (b)(2). ECF No. 1. Pursuant to the Second Superseding Indictment, filed March 3, 2021, Defendant is charged with one count of knowingly possessing child pornography, in violation of 18 U.S.C. §§ 2252A(a)(5)(B) and (b)(2), and two counts of knowingly receiving child pornography—one for his computer and one for his cell phone—in violation of 18 U.S.C. §§ 2252A(a)(2)(A) and (b)(1). ECF No. 73 at PageID.367–68.

On June 6, 2019, the Government filed a notice stating its intention to introduce evidence of Defendant's prior convictions and other bad acts at trial under Federal Rule of Evidence 404(b). ECF No. 15. According to the notice,

> The evidence will include information showing that the defendant has been convicted of offenses, and violations of supervision, involving child pornography, criminal sexual conduct with or sexual abuse of minors, and attempts to commit offenses involving child pornography, criminal sexual conduct with or sexual abuse of minors. The government will offer the evidence to assist in establishing absence of mistake or lack of accident, and the defendant's motive, knowledge and intent to commit the offenses charged in this case.

*Id.* at PageID.34. On August 3, 2020, Defendant filed the pending Motion in Limine, arguing that the evidence identified in the Government's notice is irrelevant and unduly prejudicial. ECF No. 62.

On February 10, 2021, the Government filed its response to Defendant's Motion in Limine. ECF No. 69. Concurrent with its response, the Government filed a notice pursuant to Federal Rule

---

[1] According to Defendant, the "[i]nformation presented in this section [was] taken from the affidavit for a warrant to search [Defendant's] home." ECF No. 62 at PageID.316 n.1.

-3-

of Evidence 414, stating,

> [The Government] will seek to introduce, through the testimony of witnesses and documentary evidence: That Lantzy was convicted of criminal sexual conduct in the fourth degree ("CSC IV"), M.C.L. § 750.520e, on May 29, 1997; criminal sexual conduct in the second degree ("CSC II"), M.C.L. § 750.520c, and CSC IV on October 1, 1998; criminal sexual conduct in the third degree ("CSC III"), M.C.L. 750.520d, and CSC IV on May 28, 1998; and accosting enticing, or soliciting a child for immoral purposes, M.C.L. § 750.145a, on January 1, 2004. Additionally, the government intends to show Lantzy was convicted for failing to register for the Michigan Sex Offender Registry as required under Michigan law on February 10, 2016. Last, the government intends to introduce evidence of Lantzy's conviction for student safety zone loitering on June 3, 2019. M.C.L. § 28.734(b) (2006).
>
> As for the expected testimony, the government intends on offering a copy of the prior charging document and judgment, and any stipulated facts from the prior conviction which was made part of the plea agreement in that case. All of the relevant information has been ordered from Macomb County and will be turned over in discovery.

ECF No. 70 at PageID.355–56. Shortly after the Government filed its response, Defendant filed a four-sentence reply brief arguing that the Government's opposition had been waived by its failure to file a timely response brief. ECF No. 71. The Government responded to Defendant's reply with a brief entitled "United States' Response to Lantzy's Motion to Strike." ECF No. 72. This pleading was subsequently struck as an improperly filed surreply. ECF No. 74.

On March 16, 2021, the Government moved for leave to file a surreply. ECF No. 75. Shortly thereafter, Defendant moved to strike the Government's original response brief that had been filed in February 2020. ECF No. 76. On April 12, 2021, this Court entered an order denying Defendant's Motion to Strike, denying the Government's Motion for Leave as moot,[2] and directing the Government to file supplemental briefing "providing the factual background for the convictions that Plaintiff seeks to introduce under either FRE 414 or 404(b)." ECF No. 80 at

---

[2] The Motion for Leave was denied as moot because the purported surreply brief was "identical to the response brief it filed on February 10, 2021." ECF No. 80 at PageID.408. "Accordingly, while the Motion for Leave purport[ed] to seek leave for a 'surreply,' the Motion w[as] [] construed as a motion for leave to file the response brief." *Id.* at PageID.408–09.

PageID.412. The Government thus filed a supplemental brief, to which Defendant responded. ECF Nos. 81, 82. The issues outlined in Defendant's Motion in Limine are now ripe for resolution.

## II.

### A.

The Government seeks to introduce evidence of several convictions demonstrating Defendant's sexual interest in adolescent males. The Government's supplemental briefing provides the following background: Sometime in or around 1997, Defendant masturbated in front of and performed oral sex on a 15-year-old male coworker at a tile shop where the two worked. ECF No. 81 at PageID.417. Around that same time, Defendant lured a 14-year-old male coworker onto a table at the tile shop, purportedly to demonstrate a "medical procedure," before grabbing the coworker's penis. *Id.* at PageID.417–18. For his abuse of the 15-year-old coworker, Defendant was convicted of second degree criminal sexual conduct ("CSC II") and fourth degree criminal sexual conduct ("CSC IV") in May 1997. *Id.* at PageID.417. For his abuse of the 14-year-old coworker, Defendant was convicted of third degree criminal sexual conduct ("CSC III") and CSC IV in October 1998. *Id.* at PageID.418. In 2004, Defendant was convicted of enticing or soliciting a minor for immoral purposes after making unwanted sexual advances on a 15-year-old male coworker and groping the male's penis. *Id.* In 2014, Defendant was convicted of failing to register as a sex offender as required by Michigan's SORA. *Id.* Sometime after being convicted of failing to register, Defendant violated the conditions of his parole by engaging in inappropriate contact with a 16-year-old male, including soliciting images of the male's penis by text message. *Id.* at PageID.418–19.

For purposes of trial, the Government intends on proving the convictions and underlying offenses with the relevant charging documents, judgments, and "any stipulated facts from the []

conviction." ECF No. 70 at PageID.356.

The Government first argues that evidence of these convictions is admissible under Federal Rule of Evidence 414 as evidence of prior child molestation. FRE 414 states, "In a criminal case in which a defendant is accused of child molestation, the court may admit evidence that the defendant committed any other child molestation. The evidence may be considered on any matter to which it is relevant." Fed. R. Evid. 414(a). Importantly, FRE 414 allows the jury to consider evidence of past child molestation for propensity purposes. *United States v. Seymour*, 468 F.3d 378, 385 (6th Cir. 2006).

While "Rule 414's reference to 'child molestation' broadly includes the receipt of child pornography," *United States v. Libbey-Tipton*, 948 F.3d 694, 701 (6th Cir. 2020), evidence of Defendant's prior convictions does not fall within FRE 414 for two reasons. First, with respect to Defendant's convictions for CSC and violating his parole, the victim in each case was not a "child" as defined by the Rule.[3] *See* Fed. R. Evid. 414(d)(1) (defining "child" as "a person below the age of 14"). "Because the Federal Rules of Evidence are a legislative enactment, [courts must] turn to the traditional tools of statutory construction in order to construe their provisions." *Beech Aircraft Corp. v. Rainey*, 488 U.S. 153, 163 (1988) (internal citation omitted). "'When a statute includes an explicit definition, [courts] must follow that definition,' even if it varies from a term's ordinary meaning." *Digital Realty Tr., Inc. v. Somers*, 138 S. Ct. 767, 776 (2018) (quoting *Burgess v. United States*, 553 U.S. 124, 130 (2008)).

Consistent with FRE 414's definition of "child," courts within this circuit have repeatedly held that evidence of prior sex crimes may not be introduced under FRE 414 where the victim of the prior crime was not under the age of 14.[4] *See, e.g.*, *United States v. Sammons*, No. 2:19-CR-

---

[3] Neither party addressed this limitation in the briefing.
[4] The Seventh Circuit has interpreted the Rule differently. In *United States v. Foley*, 740 F.3d 1079 (7th

107, 2021 WL 1422266, at *3 (S.D. Ohio Apr. 15, 2021) (noting that "[i]mages of minors 14 years of age or older" were "outside the limits of Rule 414"); *United States v. Norris*, No. 1:16-CR-00093, 2017 WL 1230466, at *3 n.4 (S.D. Ohio Apr. 4, 2017) ("[T]he allegation of advertising child pornography does meet the definition of 'child molestation.' Still, it does not pertain, because the Rule defines 'child' as a person below the age of 14 and the 'victim' in Defendant's prior state conviction was an undercover officer posing as a *14-year-old* female.") (emphasis original); *United States v. Neuhard*, No. 15-CR-20425, 2016 WL 6871454, at *6 (E.D. Mich. Nov. 22, 2016) ("Evidence related to the 2006 rape adjudication would not be admissible under Rule 414 because the victim was 15 years old, and not 'a person below the age of 14.'") (quoting Fed. R. Evid. 414(d)(1)). Because all the victims were at least 14 years' old, evidence of Defendant's convictions for CSC and violating his parole does not fall within FRE 414.

Second, regarding Defendant's conviction for failing to register as a sex offender in 2014, the underlying offense was not a "child molestation." FRE 414 defines "child molestation" as follows:

> (2) "child molestation" means a crime under federal law or under state law (as "state" is defined in 18 U.S.C. § 513) involving:
>
> (A) any conduct prohibited by 18 U.S.C. chapter 109A and committed with a child;
>
> (B) any conduct prohibited by 18 U.S.C. chapter 110;
>
> (C) contact between any part of the defendant's body--or an object--and a child's genitals or anus;

---

Cir. 2014), the Seventh Circuit held that a defendant charged with producing child pornography under 18 U.S.C. § 2251(a) was charged with "child molestation" regardless of the age of the victim because FRE 414 defined "child molestation" to include "'any conduct prohibited by 18 U.S.C. chapter 110' without regard to whether the chapter 110 offense was committed with a person below the age of 14" *See id.* at 1079 n.3. This interpretation of FRE 414 has been rejected by at least one treatise. *See* Christopher B. Mueller & Laird C. Kirkpatrick, 2 Federal Evidence § 4.86 (arguing that "child molestation" is limited to crimes against victims under 14 despite FRE 414's unqualified reference to 18 U.S.C. chapter 110).

> (D) contact between the defendant's genitals or anus and any part of a child's body;
>
> (E) deriving sexual pleasure or gratification from inflicting death, bodily injury, or physical pain on a child; or
>
> (F) an attempt or conspiracy to engage in conduct described in subparagraphs (A)-(E).

Fed. R. Evid. 414(d)(2). Under both Michigan and federal law, failure to register as a sex offender is a criminal offense. *See* M.C.L. § 28.728a; 18 U.S.C. § 2250(a). In drafting FRE 414, however, Congress incorporated neither the conduct within the federal statute nor the statute itself within the definition of "child molestation." Under "the long-established canon of statutory construction, *expressio unius est exclusio alterius*, 'the mention of one thing implies the exclusion of another.'" *Traverse Bay Area Intermediate Sch. Dist. v. Michigan Dep't of Educ.*, 615 F.3d 622, 630 (6th Cir. 2010). This canon is particularly compelling here where, in defining "child molestation," Congress expressly included 18 U.S.C. chapter 109A, but not chapter 109B, which provides for the federal crime of failing to register as a sex offender. *See Barnhart v. Peabody Coal Co.*, 537 U.S. 149, 168 (2003) ("[T]he canon *expressio unius est exclusio alterius* does not apply to every statutory listing or grouping; it has force only when the items expressed are members of an associated group or series, justifying the inference that items not mentioned were excluded by deliberate choice, not inadvertence.") (internal quotation marks omitted). The only court that seems to have considered the issue has reached the same conclusion.[5] *See United States v. Blacksmith*, No. CRIM. 14-50004-JLV, 2015 WL 2063098, at *5 (D.S.D. May 4, 2015) (holding that prior conviction for failure to register under 18 U.S.C. § 2250(a) was not admissible under FRE 414).

The Government alternatively argues that evidence of Defendant's convictions is

---

[5] While Defendant notes the limited application of FRE 414 in his supplemental response brief, ECF No. 82 at PageID.433, he has not identified any controlling or persuasive authority addressing the issue here.

admissible under FRE 404(b). While FRE 414 permits the admission of evidence of prior child molestations in child molestation cases, FRE 404(b) more generally governs the use of prior bad acts evidence at trial. The Rule provides,

(1) Prohibited Uses. Evidence of any other crime, wrong, or act is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character.

(2) Permitted Uses. This evidence may be admissible for another purpose, such as proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident.

Fed. R. Evid. 404(b) (emphasis omitted). In deciding whether evidence is admissible under FRE 404(b), the Sixth Circuit applies a three-step test:

First, the district court must make a preliminary determination regarding whether there is sufficient evidence that the "other acts" took place. The district court must then determine whether those "other acts" are admissible for a proper purpose under Rule 404(b). Finally, the district court must determine whether the "other acts" evidence is more prejudicial than probative.

*United States v. Bell*, 516 F.3d 432, 441 (6th Cir. 2008) (quoting *United States v. Lattner*, 385 F.3d 947, 955 (6th Cir.2004)). Defendant does not deny the nature of his prior offenses as alleged in the Government's supplemental briefing. Accordingly, the next issue is "whether the evidence . . . is probative of a material issue other than character." *United States v. Jenkins*, 345 F.3d 928, 937 (6th Cir. 2003). "Evidence of other acts is probative of a material issue other than character if (1) the evidence is offered for an admissible purpose, (2) the purpose for which the evidence is offered is material or 'in issue,' and (3) the evidence is probative with regard to the purpose for which it is offered." *Id.* (quoting *United States v. Haywood*, 280 F.3d 715, 720 (6th Cir. 2002)).

Defendant is charged with knowingly receiving and possessing child pornography in violation of 18 U.S.C. §§ 2252A(a)(5)(B) and (a)(2)(B). "The crimes of receipt and possession of child pornography incorporate a scienter requirement as to the character of the materials

involved[.] The defendant must have known that the files were child pornography to be guilty." *United States v. Hentzen*, 638 F. App'x 427, 431 (6th Cir. 2015) (internal quotation marks and alterations omitted). The Government argues that Defendant's "prurient interest in children," as demonstrated by his convictions, "is relevant to motive, intent, knowledge, and absence of mistake." ECF No. 81 at PageID.423–24. The Government represents that based on discussions with defense counsel, "[Defendant] may argue at trial that he bought the computer from someone else and the [child pornography] was already on the computer when he got it." *Id.* at PageID.427. The Government also represents that when police interviewed Defendant, he told them that he had been "searching for adult pornography but that he was not looking for child sexually abusive materials." *Id.*

At this stage, the Government has not shown that the evidence would be admitted for a proper purpose. First, the Government's reference to Defendant's "prurient interest in children" underscores the need for caution in navigating FRE 404. The line between evidence of knowledge—which is admissible under FRE 404(b)—and evidence of propensity—which is only admissible under FRE 414—is often treacherously feint. Certainly, Defendant's sexual proclivity for adolescent males, as evidenced by his prior convictions, would make it more likely that he would receive, possess, and view explicit images of adolescent males. *See United States v. Libbey-Tipton*, 948 F.3d 694, 702 (6th Cir. 2020) ("Because Rule 414 allows for admission of propensity evidence, the use of Libbey-Tipton's prior [child molestation] to show his motivation and intention in viewing [child pornography] is relevant and logical."). But beyond their value as to propensity, Defendant's sexual proclivities are not directly probative of whether he was aware of the child pornography recovered from his digital devices.

Second, even assuming that Defendant's prior convictions are probative of some material

issue other than character, their probative value would seem low. The prior convictions—some of which occurred more than two decades ago—do not appear to have involved any digital devices and were, in fact, assaultive offenses. *Cf. United States v. Collard*, No. 19-2151, 2021 WL 730759, at *5 (6th Cir. Feb. 25, 2021) ("[T]he district court colorably erred when it concluded that Adam's prior conviction is admissible for knowledge or absence of mistake where there was no evidence that the previous offense involved the use of computers or similar technology."). The only exception is Defendant's parole violation wherein he solicited explicit images from a 16-year-old male by text message. But even there, the Government has not shown that any child pornography was exchanged.

Based on the foregoing, the Government has not demonstrated that the evidence would be probative of any issue other than character. Nonetheless, the Government may move to admit evidence of the convictions under FRE 404(b) at trial provided that doing so is otherwise appropriate. Indeed, Defendant appears to agree that such evidence may become relevant depending on the arguments and proofs offered at trial. *See* ECF No. 82 at PageID.434 ("To the extent [such evidence] may become relevant for a proper purpose under FRE 404, in order to rebut a defense presented at trial, its admissibility should be prohibited until such time.").

Accordingly, Defendant's Motion in Limine will be granted as to evidence of Defendant's prior convictions, subject to further order of this Court.

B.

The Government also seeks to introduce evidence of two alleged uncharged violations of Michigan's SORA, both of which occurred on or around 2018 and closely precede the indictment. The first involves Defendant's two-year relationship with a 15-year-old male from Gladwin High School who housesat for Defendant. ECF No. 81 at PageID.419–20. The second pertains to

Defendant's presence at a local high school football game and his "attempt[] to ingratiate himself into the local high school football team, as both a scout and possible volunteer."[6] *Id.* The Government represents that the 15-year-old witness is part of its case in chief. ECF No. 81 at PageID.424–25. The witness is expected to testify that "[Defendant] left condoms and a camera for [the witness]" while the witness was housesitting for Defendant. *Id.* at PageID.424. The witness will also testify that he later observed child pornography on Defendant's cell phone while sitting in Defendant's vehicle. *Id.* at PageID.424–25.

To the extent that the Government seeks to introduce this evidence as an uncharged violation of Michigan's SORA, the evidence is not admissible under FRE 414 for the reasons discussed in Section II.A., *supra*. Simply put, the Government has not demonstrated that such uncharged violations of SORA would constitute "child molestation" for purposes of FRE 414.

At least some of the evidence, however, is admissible under FRE 404(b). Specifically, the Government may admit the 15-year-old witness's testimony that he observed child pornography on Defendant's phone while seated in Defendant's vehicle as such testimony would be directly probative of Defendant's knowledge.

First, with respect to whether the bad act is supported by sufficient evidence, Defendant does not appear to deny that the 15-year-old was in his vehicle and within physical proximity of his phone on the date in question. *See* ECF No. 62 at PageID.317 (stating only that "[t]here is no verification that the young man had access to Mr. Lantzy's phone or any password for it"). Accordingly, this Court is satisfied that the anticipated testimony of the 15-year-old witness, if

---

[6] The Government alleges that Defendant's conduct violated Michigan's SORA "as [it] existed in 2018." ECF No. 81 at PageID.419. At that time, Michigan law forbid registered sex offenders from working, residing, or loitering within 1,000 feet of any "student safety zone." M.C.L. § 28.734 (repealed 2021). These restrictions were repealed after Judge Cleland found them to be unconstitutionally vague. *See Doe v. Snyder*, 449 F. Supp. 3d 719, 736 (E.D. Mich. 2020). For purposes of this opinion, this Court need not decide whether Defendant's conduct violated Michigan's SORA as it existed in 2018.

believed, would allow the jury to "reasonably conclude that the act occurred and that the defendant was the actor." *United States v. Bell*, 516 F.3d 432, 441 (6th Cir. 2008) (quoting *Huddleston v. United States*, 485 U.S. 681, 689 (1988)).

Furthermore, unlike Defendant's prior convictions, the witness's testimony would be directly probative of Defendant's state of mind in possessing and receiving the images at issue. Indeed, evidence that Defendant possessed child pornography on his phone, such that it was readily accessible to a passenger in his vehicle, would make it more likely that he knew of said pornography as well as similar pornography on his other digital devices.

Regarding whether the evidence would be more prejudicial than probative, Defendant has not specifically addressed the prejudice associated with the cell phone testimony. Nevertheless, the expected testimony does not seem so unfairly prejudicial as to outweigh its probative value. "Unfair prejudice" means "the undue tendency to suggest a decision based on improper considerations," not "the damage to a defendant's case that results from legitimate probative force of the evidence." *United States v. Bilderbeck*, 163 F.3d 971, 978 (6th Cir. 1999). The witness's testimony would be directly probative of whether Defendant knowingly possessed child pornography. To the extent that such testimony is unavoidably prejudicial, it would not seem as prejudicial or inflammatory as other evidence that the jury will likely hear as part of the Government's case. Furthermore, this Court will provide a limiting instruction for the jury.

For these reasons, Defendant's Motion in Limine will be denied as to the testimony of the 15-year-old witness insofar as he testifies regarding the child pornography he observed on Defendant's cell phone.

The remaining bad acts evidence is not admissible under FRE 404(b). Even assuming that these acts occurred as alleged, the Government has not shown that evidence of Defendant's

relationship with the 15-year-old witness or his attempt to "ingratiate himself" with the local football team would be relevant to any issue other than character. Defendant is not charged with attempting to produce child pornography, enticing a minor, or any other offense where this kind of "grooming behavior" might be relevant. *See* ECF No. 81 at PageID.415. Furthermore, such evidence might unfairly prejudice Defendant by misleading the jury as to the material issues or inviting the jury to engage in impermissible character reasoning.

The Government's alternative argument—that such evidence is *res gestae* to the charged conduct—is also unpersuasive. The Sixth Circuit has described the limited application of the *res gestae* doctrine as follows:

> This court "ha[s] recognized the admissibility of res gestae, or background evidence, in limited circumstances when the evidence includes conduct that is 'inextricably intertwined' with the charged offense." *United States v. Clay*, 667 F.3d 689, 697 (6th Cir.2012). "Proper background evidence has a causal, temporal or spatial connection with the charged offense." *Hardy*, 228 F.3d at 748. "[Such] evidence may include evidence that is a prelude to the charged offense, is directly probative of the charged offense, arises from the same events as the charged offense, forms an integral part of the witness's testimony, or completes the story of the charged offense." *United States v. Grooms*, 566 Fed.Appx. 485, 491 (6th Cir.2014) (internal quotation marks omitted).

*United States v. Churn*, 800 F.3d 768, 779 (6th Cir. 2015). In support of its argument, the Government likens this case to *United States v. Caldwell*, 181 F.3d 104 (6th Cir. 1999), where the Sixth Circuit held that certain child erotica was admissible as *res gestae* evidence in a child pornography case. But in *Caldwell*, "the child erotica was literally intermingled with child pornography in a small room containing a 'small pickup load' of material." *Id.* at *7. In this case, Defendant's alleged attempts to groom the 15-year-old witness and "ingratiate himself" with the local football team, while certainly part of "the story," *Churn*, 800 F.3d at 779, are best characterized as an extended prologue that the jury can safely skip. Indeed, these events are neither "inextricably intertwined" with Defendant's alleged receipt and possession of child pornography

nor an "integral part" of the 15-year-old witness's testimony. *Id.*

Accordingly, Defendant's Motion in Limine will be granted with respect to evidence of Defendant's two-year relationship with the 15-year-old witness and his attempts to involve himself with the local football team. Subject to further order of this Court, the 15-year-old witness may testify as to his relationship with Defendant only insofar as it is necessary to explain why he was seated in Defendant's vehicle and had access to Defendant's cell phone.

### III.

Accordingly, it is **ORDERED** that Defendant's Motion in Limine, ECF No. 62, is **GRANTED IN PART** and **DENIED IN PART**.

It is further **ORDERED** that the Government may not introduce evidence of (1) Defendant's prior convictions, unless such evidence becomes admissible under FRE 404(b) by reason of argument or evidence presented at trial, as determined by further order of this Court; or (2) Defendant's alleged uncharged violations of Michigan's SORA, except for the testimony of the 15-year-old witness who claims to have observed child pornography on Defendant's cell phone.

Dated: May 10, 2021
s/Thomas L. Ludington
THOMAS L. LUDINGTON
United States District Judge