UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,

        Case No. 19-cr-20167

v.

        Honorable Thomas L. Ludington
SCOTT A. LANTZY,        United States District Court Judge

        Defendant.
_____/

**RE-ISSUED OPINION AND ORDER DENYING DEFENDANT'S MOTION FOR NEW TRIAL**

On October 26, 2021, a jury convicted Defendant Scott Lantzy of five crimes related to child pornography. Over two years later, Defendant moved for a new trial. As explained below, Defendant's Motion for a New Trial, ECF No. 125, will be denied as untimely.

**I.**

In 2018, Defendant Scott A. Lantzy impersonated an Emergency Medical Technician (EMT) at a high school football game. *United States v. Lantzy*, No. 22-1472, 2023 WL 6467373, at *1 (6th Cir. Oct. 4, 2023). In so doing, Defendant pretended to assist a player who had broken his leg during that game and then followed him to the hospital. *Id.* Once at the hospital, Defendant "remained in the player's" room "for over two hours before he was identified as an imposter." *Id.*

As a part of the investigation into the EMT incident, law enforcement learned that before that, Defendant had "developed a close relationship with another student." *Id.* Defendant gave the student gifts and "asked the student and his friend to house sit for several days." *Id.* When the student agreed, Defendant gave him a camera and directed him to take pictures of what he and his friend did while housesitting. *Id.* Defendant then texted the student daily to see if he had taken pictures and responded to one picture that it was "nice to see that" the student and his friend were

clothed. *Id.* (citation modified). In addition to that line of text messages, Defendant discussed "sex with the student." *Id.*

When Defendant returned home, he took the student to the grocery store. *Id.* While Defendant was in the store, the student looked through Defendant's phone. *Id.* The student discovered a picture album containing pictures of "young naked boys and a man showing his penis." ECF No. 48. The student also discovered pictures of "himself and his friends that he had not sent to" Defendant. *Lantzy*, 2023 WL 6467373, at *1. And, after obtaining a warrant, law enforcement found several items of child pornography on some of Defendant's electronic devices. *See* ECF No. 48 at PageID.190–91.

Against that backdrop, the Government charged Defendant with one count of violating 18 U.S.C. § 2252A(a)(5)(b) by possessing child pornography. ECF No. 1. The Government then filed two superseding indictments. ECF Nos. 73; 94. In the end, the Third Superseding Indictment charged Defendant with two counts of possessing with the intent to view child pornography, 18 U.S.C. §§ 2252A(a)(5)(B), 2252A(b)(2), one count of transporting child pornography, 18 U.S.C. §§ 2252A(a)(1), 2252A(b)(1), one count of possessing child pornography, 18 U.S.C. §§ 2252A(a)(5)(B), 2252A(b)(2), and one count of receiving child pornography, 18 U.S.C. §§ 2252A(a)(2)(A), 2252A(b)(1). ECF No. 94 at PageID.499–502.

On October 26, 2021, a jury convicted Defendant on all five counts. ECF No. 104. On May 19, 2022, Defendant was sentenced to 235 months of imprisonment, followed by a lifetime term of supervised release. ECF No. 113. Defendant then appealed his conviction. See ECF No. 114. On October 4, 2023, the United States Court of Appeals for the Sixth Circuit affirmed his conviction. ECF No. 123.

After his appeal—over two years after his trial concluded with guilty verdicts—Defendant moved for a new trial under Criminal Rule 33 on April 2, 2024. ECF No. 125. He argues that his Defense Counsel provided ineffective assistance of counsel at trial. *See generally id.* To that end, Defendant contends that his trial counsel refused to adequately (1) investigate his case, (2) raise exculpatory arguments and evidence, and (3) call, interview, or cross-examine particular witnesses. *Id.* at PageID.1000–10. He also asserts that the law enforcement that investigated his case engaged in misconduct. *Id.* at PageID.1010–12.

## II.

Criminal Rule 33 permits courts to "vacate any judgment and grant a new trial if the interests of justice so require." FED. R. CRIM. P. 33(a). If a defendant bases his motion for a new trial on newly discovered evidence, he may file it "within 3 years after the" guilty verdict. FED. R. CRIM. P. 33(b)(1). But if a defendant bases his motion on any other reason, he must move for a new trial "within 14 days after the" guilty verdict—else, his motion for a new trial is time-barred. FED. R. CRIM. P. 33(b)(2). And a defendant may only avoid this 14-day time limit by presenting evidence that his untimely motion flowed from excusable neglect. *See United States v. Hall*, 979 F.3d 1107, 1123 (6th Cir. 2020) (citing FED. R. CRIM. P. 45(b)).

## III.

Here, Defendant's Motion for a New Trial, ECF No. 125, is time-barred. To begin, "an ineffective assistance of counsel claim," like the one Defendant advances in his Motion, "cannot be considered newly discovered evidence" for a motion for a new trial. *United States v. Seago*, 930 F.2d 482, 488–89 (6th Cir. 1991); *see also United States v. Munoz*, 605 F.3d 359, 367 (6th Cir. 2010). Moreover, Defendant concedes that his Motion is not based on newly discovered evidence. ECF No. 129 at PageID.1031 (responding to the Government's contention that his Motion is not

based on newly discovered evidence by stating, "yeah, that's my entire point"). So the 14-day time limit under Criminal Rule 33 applies to Defendant's Motion. *See* FED. R. CRIM. P. 33(b)(2). But Defendant filed his Motion over two years after his guilty verdict—long past his 14-day deadline. *Compare* ECF No. 104 (guilty verdict on October 26, 2021) *with* ECF No. 125 (Defendant's Motion for New Trial on April 2, 2024).

And Defendant does not argue that his untimely filing resulted from excusable neglect. *See* ECF Nos. 125; 129. Nor would he prevail if he did raise excusable neglect. Indeed, Defendant's inordinate, over two-year delay in filing his Motion, based solely on ineffective assistance of counsel, weighs heavily against a finding of excusable neglect. *See Hall*, 979 F.3d at 1124–25; *see also United States v. Elenniss*, 729 F. App'x 422, 426–27 (6th Cir. 2018). Not to mention, retrying this case—at this point, almost four years after Defendant's conviction and after Defendant directly appealed his conviction—would be unduly prejudicial to the Government. *United States v. Orusa*, 686 F. Supp. 3d 719, 723 (M.D. Tenn. 2023) (suggesting an eleven-month delay in a motion for a new trial unduly prejudicial to the government); *Cf. Hall*, 979 F.3d at 1125 (finding that a six-month delay was not unduly prejudicial to the government).

In sum, Defendant's Motion is time-barred. Defendant moved for a new trial over two years after his 14-day deadline under Criminal Rule 33. And he does not argue—nor could he—that this inordinate delay was the product of excusable neglect. As a result, Defendant's Motion for a New Trial, ECF No. 125, will be denied.

### IV.

Accordingly, it is **ORDERED** that Defendant's Motion for a New Trial, ECF No. 125, is **DENIED.**

Dated: December 10, 2025               s/Thomas L. Ludington
                                                            THOMAS L. LUDINGTON
                                                            United States District Judge