UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

UNITED STATES OF AMERICA,

Plaintiff,

v.

SCOTT A. LANTZY,

Defendant.

Case No. 1:19-cr-20167

HONORABLE STEPHEN J. MURPHY, III

_____/

## <u>OPINION AND ORDER DENYING MOTION TO VACATE SENTENCE [132]</u>

On October 26, 2021, a jury convicted Defendant Scott Lantzy of five counts related to child pornography. ECF No. 104. He appealed that conviction, but it was affirmed on October 4, 2023. ECF No. 123. Over two years later, Defendant moved to vacate his sentence because, in his view, his defense counsel was ineffective. The Court will deny the motion because it is time-barred

### BACKGROUND

In 2018, a detective learned that Defendant had posed as an emergency medical technician at a high school football game, pretended to assist a player who had broken his leg during the game, then followed him to the hospital. *United States v. Lantzy*, No. 22-1472, 2023 WL 6467373, at *1 (6th Cir. Oct. 4, 2023). There, he "remained in the player's" room "for over two hours before he was identified as an imposter." *Id.*

The ensuing investigation revealed that the episode did not occur in isolation. Before the incident, Defendant had cultivated a close relationship with another

1

student, giving him gifts and asking him and a friend to house-sit for several days. *Id.* Defendant gave the student a camera and instructed him to photograph their activities. He then followed up with daily text messages, asking whether the pictures had been taken and, upon receiving one, remarked that it was "nice to see that" the two boys were clothed. *Id.* In addition, Defendant had "text conversations about sex with the student." *Id.*

When Defendant returned home, he took the student to the grocery store. *Id.* While he was in the store, the student looked through Defendant's phone. *Id.* The student discovered a picture album containing pictures of "young naked boys and a man showing his penis." ECF No. 48. The student also saw pictures of "himself and his friends that he had not sent to" Defendant. *Lantzy*, 2023 WL 6467373, at *1. And, after obtaining a warrant, law enforcement found several images containing child pornography on some of Defendant's electronic devices. *See* ECF No. 48, PageID.190–191.

A grand jury indicted Defendant for one count of possessing child pornography. ECF No. 1. The Government then filed two superseding indictments. ECF Nos. 73; 94. In the end, the grand jury indicted Defendant for two counts of possessing with the intent to view child pornography, one count of transporting child pornography, one count of possessing child pornography, and one count of receiving child pornography, all in violation of 18 U.S.C. § 2252A. ECF No. 94, PageID.499–502.

On October 26, 2021, a jury convicted Defendant of all five counts. ECF No. 104. He was then sentenced to 235 months' imprisonment followed by a lifetime

2

term of supervised release. ECF No. 113. Defendant appealed. ECF No. 114. The Sixth Circuit affirmed his conviction on October 4, 2023. ECF No. 123. Defendant did not petition for a writ of certiorari to the Supreme Court.

On December 8, 2025, Defendant moved to vacate his sentence under 28 U.S.C. § 2255. ECF No. 132. He argued that his attorney provided ineffective assistance at trial. To that end, Defendant contended that his trial counsel refused to adequately (1) investigate his case, (2) raise exculpatory arguments and evidence, (3) call, interview, or cross-examine particular witnesses, and (4) challenge investigating officers' misconduct. *Id.*

## LEGAL STANDARD

Federal prisoners may move "to vacate, set aside or correct" their sentences. 28 U.S.C. § 2255(a). There are four categories for such relief: (1) "the sentence was imposed in violation of" federal law; (2) the sentencing court lacked jurisdiction; (3) the sentence exceeded the statutory maximum; or (4) the sentence "is otherwise subject to collateral attack." *Id.* These motions, however, are subject to a one-year statute of limitations. *Id.* § 2255(f).

That one-year period "begins to run on the latest of four dates." *Simmons v. United States*, 974 F.3d 791, 793 (6th Cir. 2020). First, the default rule is that the period runs from the date the judgment of conviction becomes final. *Id.* at 798 (citing 28 U.S.C. § 2255(f)(1)). Second, it may run from the date a governmental impediment—one that violated federal law and prevented the movant from filing—is removed. 28 U.S.C. § 2255(f)(2). Third, it may run from the date the Supreme Court

3

recognized the asserted right, provided that the newly recognized right is "made retroactively applicable to cases on collateral review." *Id.* § 2255(f)(3). And fourth, it may run from "the date on which the facts supporting the claim . . . could have been discovered through the exercise of due diligence." *Id.* § 2255(f)(4).

## DISCUSSION

Defendant's motion is time-barred under § 2255(f)(1), the default one-year period triggered by his conviction becoming final. Because he did not petition for certiorari to the Supreme Court, Defendant's judgment of conviction became final upon the expiration of the time to seek the writ, ninety days after the Sixth Circuit affirmed his conviction. *Jefferson v. United States*, 730 F.3d 537, 542 (6th Cir. 2013). The Sixth Circuit affirmed his conviction on October 4, 2023, making it final on January 3, 2024. That means Defendant had until January 3, 2025, to move to vacate his sentence. Yet he waited to file his motion to vacate until December 8, 2025, over eleven months too late.

While Defendant resisted that conclusion, he did not argue that § 2255(f)(1) is inapplicable, nor did he allege a plausible excuse for the delayed filing. Defendant alleged that he was still awaiting a decision on his motion for a new trial at the time he filed his § 2255 motion. He is incorrect. The Court denied Defendant's motion for a new trial two months before he filed the instant motion. *Compare* ECF No. 131, *with* ECF No. 132. But regardless, Defendant's motion for a new trial did not toll the one-year limitation of § 2255(f). *Chambers v. U.S.*, 30 F. App'x 346, 348 (6th Cir. 2002).

4

Instead, Defendant argued that "[t]here should never be a time limitation." ECF No. 138, PageID.1076. But there is, and such "[d]eadlines matter, especially in habeas cases." *Simmons*, 974 F.3d at 793. In sum, Defendant's motion to vacate is untimely. The Court must deny it.

## ORDER

**WHEREFORE**, it is hereby **ORDERED** that the motion to vacate [132] is **DENIED**.

**SO ORDERED**.

s/ Stephen J. Murphy, III
STEPHEN J. MURPHY, III
United States District Judge

Dated: April 8, 2026

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on April 8, 2026, by electronic and/or ordinary mail.

s/ R. Loury
Case Manager

5